# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY M. PROSSER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case number 4:08cv0516 TCM** |
| | ) | |
| **STEVE LARKIN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

Pending in this 28 U.S.C. § 2254 action is the motion of petitioner, Timothy Prosser, for the appointment of counsel on the grounds he is financially unable to retain counsel. [Doc. 2]

In his underlying petition, Petitioner seeks habeas relief from his conviction following a jury trial on two drug-related felonies.  Petitioner raises four grounds for relief:  (1) he was subject to an unconstitutional search and seizure; (2) he was denied the effective assistance of counsel when counsel failed to file a motion to dismiss the charges based on outrageous government conduct; (3) he was denied a fair trial when the trial court allowed the State to present rebuttal evidence relating to subsequent charges; and (4) he was denied a fair trial when the trial court overruled a defense objection to certain evidence.  He states in his petition that he raised each of these grounds in the state appellate court, and he attaches various exhibits to his petition, including portions of the state court record.

Respondent has been granted up to and including October 10 by which to respond to an order to show cause why the requested relief should not be granted.

There is no constitutional or statutory right to appointment of counsel in habeas corpus proceedings, see **Morris v. Dormire**, 217 F.3d 556, 558 (8th Cir. 2000); "instead, [the appointment of counsel] is committed to the discretion of the trial court," **McCall v. Benson**, 114 F.3d 754, 756 (8th Cir. 1997). In considering whether to appoint counsel, the factual and legal complexity of the case and the petitioner's ability to investigate and articulate his claims should be considered. **Morris**, 217 F.3d at 558-59; **Nachtigall v. Class**, 48 F.3d 1076, 1081-82 (8th Cir. 1995). Moreover, where the issues involved can be properly resolved without an evidentiary hearing, the court does not abuse its discretion in denying a request for appointment of counsel. See **Hoggard v. Purkett**, 29 F.3d 469, 471 (8th Cir. 1994).

At this stage of the proceedings, the issues raised in the petition appear to be neither factually nor legally complex, to be articulately and appropriately advocated by Petitioner, and to capable of being resolved without an evidentiary hearing. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for appointment of counsel is **DENIED**. [Doc. 2]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of September, 2008.